IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRIS KITCHEN, DIAMONIQUE FRANKLIN, and ROSIE JONES,<br><br>Plaintiffs,<br><br>vs.<br><br>DEVELOPMENTAL SERVICES OF NEBRASKA, INC., AUTISM CENTER OF NEBRASKA, INC., OMNI BEHAVIORAL HEALTH, and ANGELA MITCHELL,<br><br>Defendants. | **8:20CV08**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of plaintiffs' complaint in this case. Filing No. 1. All plaintiffs are appearing pro se and are representing themselves. The Court must determine if summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and must conduct an initial review in that regard. Plaintiffs file this Complaint alleging jurisdiction under 28 U.S.C. § 1331 and violations of Title VII, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

**BACKGROUND**

Plaintiffs are citizens of the State of Nebraska. Defendant Angela Mitchell is a citizen of the United States. All remaining defendants are corporations under the laws of Nebraska. Plaintiffs allege that they worked for defendants as foster parents. Plaintiffs

1

contend that defendants paid them only 20% of the wages paid by the government for the care they gave to foster care minor children.  Defendants allegedly kept 80% of the proceeds.  Plaintiff Kitchen is African American and contends that white contractors doing the same work received more than she did in violation of Title VII.  Plaintiff Kitchen contends she filed with the EEOC and asserts that she received a right to sue letter.[1] Plaintiff Kitchen alleges that as a result of the above behaviors, she was terminated without good cause.  She also alleges that she lost her contractual rights to compensation as a result of the behavior of the defendants in violation of 42 U.S.C. § 1981.  Last, plaintiff Kitchen also claims the defendants violated Title VII by terminating her in retaliation for protected activity, that is, reporting the conduct of the defendants to the Legislature, which is a protected activity.  Plaintiffs also allege what appears to be a state claim for breach of contract for failure to pay them the government wage for their services.  Plaintiffs request a myriad of damages amounting to about $10,000,000.  Plaintiffs initially filed a suit on March 13, 2019, 8:19cv107.  The suit was dismissed without prejudice on December 2, 2019.  Plaintiff then filed this suit.

**LEGAL STANDARD**

The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell

---

[1] There is no copy of the EEOC letter attached, so the Court is unable to determine who filed with the EEOC and the basis for the charges.  There are also no allegations as to the race of plaintiffs Diamonique Franklin or Rose Jones.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

When reviewing a *pro se* complaint, the court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is "discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in

3

ordinary civil litigation must be interpreted "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**DISCUSSION**

For purposes of initial review only, the Court will accept the plaintiffs' allegations as true. In this case plaintiff Kitchen has alleged specific federal questions under § 1981 and Title VII. Unlike the initial lawsuit that was dismissed, plaintiff Kitchen in this case seeks to invoke federal jurisdiction based on alleged federal wrongs to her. However, the remaining plaintiffs do not appear to have alleged any claims under either Title VII or under § 1981. They appear to only be challenging the defendants' decision to retain their wages under a theory of unjust enrichment and intentional emotional distress. As pled, there are no causes of actions that invoke federal jurisdiction.

The Court has carefully reviewed the complaint. The Court finds that the complaint provides sufficient notice of the factual and legal claims that are facially plausible under the law and is not subject to summary dismissal as to plaintiff Kitchen. *See Iqbal*, 556 U.S. 678; § 1915(e)(2). The Court finds there are no federal causes of action alleged as to the remaining plaintiffs. Accordingly, the Court will give those two plaintiffs (DIAMONIQUE FRANKLIN, and ROSIE JONES) 21 days from the date of this Order to file an Amended Complaint that alleges a federal cause of action. Failure to do so will result in dismissal of this case as to all plaintiffs except plaintiff Kitchen. The Court will ask the magistrate judge to progress the case.

THEREFORE, IT IS ORDERED THAT:

1. Upon initial review, the Court finds this case should proceed as to plaintiff Kitchen.

4

2. The Court will give plaintiffs (DIAMONIQUE FRANKLIN, and ROSIE JONES) 21 days from the date of this Order to file an Amended Complaint that alleges a federal cause of action. Failure to do so will result in dismissal of this case as to those two plaintiffs

3. The magistrate judge is ordered to progress this case accordingly.

Dated this 8th day of May, 2020.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              Senior United States District Judge

5