IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRIS KITCHEN,<br><br>       Plaintiff,<br><br>  vs.<br><br>DEVELOPMENTAL SERVICES OF NEBRASKA, INC., AUTISM CENTER OF NEBRASKA, INC., and OMNI BEHAVIORAL HEALTH,<br><br>       Defendants. | 8:20CV08<br><br>ORDER |

  This case is before the court on several outstanding matters. On August 27, 2021, Plaintiff, pro se, filed a motion (Filing No. 102) requesting a continuance and a hearing to address some unspecified concerns. Per Plaintiff's request, the undersigned magistrate judge scheduled a telephonic hearing for September 20, 2021. (Filing No. 104). Prior to the scheduled telephonic hearing, the parties filed a number of other motions: Defendant OMNI Behavioral Health's Motion to Amend Answer (Filing No. 103); Plaintiff's Motion to Strike (Filing No. 107) and Amended Motion to Strike (Filing No. 108) Defendant's Motion to Amend Answer; Plaintiff's Motion Challenging the Sufficiency of Defendants['] Responses to Plaintiff's Request for Admissions (Filing No. 105); and Plaintiff's Motion Requesting Deposition (Filing No. 109). Plaintiff did not timely call in for the September 20, 2021, telephonic hearing, but later advised the undersigned magistrate judge that she was withdrawing her motion to continue (Filing No. 102).

  Defendant OMNI has filed a motion to amend its answer to change all references to "Plaintiffs" to the singular as there is only one remaining plaintiff. Omni also seeks to add an affirmative defense for failure to exhaust state and federal judicial and administrative remedies. (Filing No. 103). Plaintiff moved to strike Omni's motion to amend (Filing No. 107; Filing No. 108) on the grounds that Omni's motion is untimely, citing "court rule § 6-1115," which provides that amendments must be made within 30 days of service. Plaintiff is correct that Omni's motion for leave to amend is not timely, although the applicable deadline was July 19, 2021, set forth in the case progression order (Filing No. 94), not the state court rules regarding amendments. Omni filed its motion to amend on September 2, 2021, after the deadline expired. Nevertheless, the court finds Defendant has shown good cause for the amendment and that such amendment will not

prejudice Plaintiff. See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)(When a party seeks leave to amend under Fed. R. Civ. P. 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b)). This case is still in its early stages and written discovery does not conclude until October 15, 2021. Accordingly, the court will grant Omni's motion. See Fed. R. Civ. P. 15(a)(providing courts should "freely give leave" to amend a pleading "when justice so requires").

Plaintiff filed a Motion Challenging the Sufficiency of Defendant[']s Responses to Plaintiff's Request for Admissions (Filing No. 105). Plaintiff requests a court order compelling Omni to "provide full and complete further verified responses" to her requests for admissions, as well as monetary sanctions in the amount of $1 billion. Plaintiff's motion to compel will be denied. Plaintiff does not identify which responses were insufficient and how each challenged response was insufficient. There is no indication Plaintiff and defense counsel met and conferred regarding her objections in an attempt to reach an accord. See NECivR 7.1(j). Plaintiff also did not comply with the court's order that requires a party to contact the chambers of the undersigned magistrate judge to schedule a conference to discuss a dispute before the court grants leave to file a motion to compel. See Filing No. 94 and the Nebraska magistrate judges' Civil Case Management practices.[1] Therefore, Plaintiff's motion will be denied.

Finally, Plaintiff has filed a Motion Requesting Deposition (Filing No. 109). Plaintiff seeks to take "the Defendant's Deposition" on October 14, 2021, at a Scooters Coffee Shop. Plaintiff does not need to file a motion to take a party's deposition, but Plaintiff does need to comply with the proper rules and procedures for noticing a deposition of another party to this case. See Fed. R. Civ. P. 30. Plaintiff may also consider reviewing this court's resources for parties proceeding without an attorney, available at https://www.ned.uscourts.gov/public/proceeding-without-an-attorney.[2] Accordingly,

**IT IS ORDERED**:
1. Plaintiff's Motion to Continue and for Hearing (Filing No. 102) is granted to the extent it requests a hearing, but is otherwise deemed withdrawn;

---

[1] Available at https://www.ned.uscourts.gov/attorney/judges-information/civil-case-management.

[2] Plaintiff may find applicable forms on this district's website, https://www.ned.uscourts.gov/forms.

2. Plaintiff's Motion to Strike (Filing No. 107) and Amended Motion to Strike (Filing No. 108) are denied;

3. Defendant OMNI Behavioral Health's Motion to Amend Answer (Filing No. 103) is granted. OMNI shall file its Amended Answer (Filing No. 103-1) on or before September 29, 2021;

4. Plaintiff's Motion Challenging the Sufficiency of Defendants['] Responses to Plaintiff's Request for Admissions (Filing No. 105) is denied;

5. Plaintiff's Motion Requesting Deposition (Filing No. 109) is denied.

Dated this 22nd day of September, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge