# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRIS KITCHEN,<br><br>                     **Plaintiff,**<br><br>    vs.<br><br>**DEVELOPMENTAL SERVICES OF NEBRASKA, INC., AUTISM CENTER OF NEBRASKA, INC., and OMNI BEHAVIORAL HEALTH,**<br><br>                     **Defendants.** | **8:20CV08**<br><br>**ORDER** |

At the conclusion of the settlement conference, Plaintiff orally moved for my recusal. See Filing Nos. 123-124.

Pursuant to 28 U.S.C. § 455(a), "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Every judicial officer must satisfy himself that he is actually unbiased toward the parties in each case and that his impartiality is not reasonably subject to question. As explained by the Eighth Circuit:

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case.

*In re Kansas Public Employees Retirement System*, 85 F.3d 1353, 1358 (8th Cir. 1996)(quoting *In re Drexel*, 861 F.2d 1307, 1312 (2d Cir. 1988); see also *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985)(decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge). "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004); *O'Bannon v. Union Pac. R.R. Co.*, 169 F.3d 1088, 1091 (8th Cir. 1999); *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003).

Plaintiff requests my recusal because she believes the entirety of the settlement conference should have been recorded. Plaintiff was also dissatisfied with the both the process and outcome of the settlement conference and believes I may be biased in favor of defense counsel.

First, I have no personal relationship with any party or defense attorney, and no bias concerning any party or attorney. As to Plaintiff's complaints with respect to the settlement conference, I have conducted well over thirty settlement conferences and utilize the same procedure for all of them, which I also utilized for this settlement conference. I begin a settlement conference on the record, then go off the record to have separate confidential causes with each side. I go back on the record at the conclusion of a settlement conference to document whether an agreement was reached or not. I ended the settlement conference in this case after it became apparent it would not lead to a fruitful settlement and at Plaintiff's request. While Plaintiff may be unhappy with the outcome of today's settlement conference, that is not a basis upon which I must recuse myself. See *Liteky v. United States*, 510 U.S. 540, 555 (1994)(opinions formed by the judge on the basis of facts introduced or events occurring in the course of proceedings almost never constitute a valid basis for recusal). Accordingly, the undersigned magistrate judge denies Plaintiff's oral motion for recusal.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge