IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRIS KITCHEN,<br><br>                           Plaintiff,<br><br>vs.<br><br>DEVELOPMENTAL SERVICES OF NEBRASKA, INC., AUTISM CENTER OF NEBRASKA, INC., and OMNI BEHAVIORAL HEALTH,<br><br>                        Defendants. | 8:20CV08<br><br>ORDER |

      This case is before the Court on the Motion to Amend Answer (Filing No. 144) filed by Defendant, OMNI Behavioral Health ("OMNI") on January 31, 2022. OMNI seeks to add the following paragraph to its amended answer: "Defendant states that some or all of Plaintiff's causes of action are barred by the statute of limitations." (Filing No. 144-1 at p. 5). Plaintiff, pro se, orally objected to OMNI's request to file another amended answer during the telephone conference held on January 28, 2022, but has not otherwise timely responded to the motion. This is OMNI's second motion to file an amended answer after expiration of the July 19, 2021, motion to amend pleadings deadline established by the case progression order. (Filing No. 94; Filing No. 103; Filing No. 112).

      When a party seeks leave to amend a pleading outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure; "the application of Rule 16(b)'s good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This good cause showing is equally applicable to belated motions for leave to amend an answer to plead an affirmative defense under Rule 8(c). See *id.* at 715. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716. Although prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Id.* at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

      After review, the Court finds OMNI has not demonstrated good cause under Rule 16(b) to amend its answer seven months after the deadline to amend pleadings expired. OMNI simply

states, "Good cause is shown as investigation indicates that an 'additional' affirmative defense exists in this action." (Filing No. 144 at p. 3). OMNI does not explain what facts it discovered during that investigation pertinent to its proposed statute of limitations defense, and the Court is hard-pressed to imagine what new facts OMNI could have recently discovered such that it could not have pled a statute of limitations affirmative defense earlier. See *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989) ("[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern."). OMNI also does not explain why it could not have added this statute of limitations paragraph when the Court first permitted OMNI to untimely amend its answer on September 22, 2021. Because OMNI has not made the mandatory good cause showing to amend its amended answer, the motion must be denied. See *Sherman*, 532 F.3d at 718 ("Given the absence of good cause, we must conclude that the district court abused its discretion in allowing [the defendant] to amend its answer so long after the scheduling deadline.").

Accordingly,

**IT IS ORDERED**: Defendant's Motion to Amend Answer (Filing No. 144) is denied.

Dated this 25th day of February, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge