# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **IRIS KITCHEN,** | |
| **Plaintiff,** | **8:20CV08** |
| vs. | |
| **DEVELOPMENTAL SERVICES OF NEBRASKA, INC., AUTISM CENTER OF NEBRASKA, INC., and OMNI BEHAVIORAL HEALTH,** | **ORDER** |
| **Defendants.** | |

This case is before the Court on the following motions filed by non-parties to this case: Motion to Quash Subpoena (Filing No. 145) filed by the Nebraska Department of Health and Human Services ("NDHHS"); Motion to Quash Subpoena (Filing No. 162) filed by Lelia Razey ("Razey"); Motion to Quash Third-Party Subpoena or for a Protective Order (Filing No. 175) filed by KVC Nebraska; and the Motion to Quash Subpoena (Filing No. 183) filed by Angie Richardson Mitchell ("Mitchell"). Additionally, the defendants filed a Joint Motion to Quash Subpoena (Filing No. 186) served on non-party Michael Franklin ("Franklin"). Plaintiff, pro se, filed the following motions[1] in response to the above motions: Motion to Strike and to Compel as to the NDHHS (Filing No. 165); Motion to Strike and to Compel as to Razey (Filing No. 179); Motion to Strike and Compel (Filing No. 180) as to KVC; Motion to Strike and Compel (Filing No. 188) as to Mitchell; and Motion to Strike and Compel (Filing No. 189) as to Franklin. For the following reasons, the Court will grant each motion to quash.

## BACKGROUND

As alleged in her Complaint, Plaintiff contracted with the defendants to provide foster care to minor children. Plaintiff alleges that, under her contracts, she was supposed to receive 80% of funds from the state and Defendants were supposed to receive 20%. Plaintiff alleges Defendants paid her only 20% of the wages disbursed by the government for the care she gave to foster care

---

[1] Although Plaintiff captioned these as "Motions" to strike and to compel, it is apparent that these documents are her briefs opposing the motions to quash, rather than independent motions. See NECivR 7.1(b)(1)("The party opposing a motion . . . must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority.").

minor children and kept 80% of the proceeds. Plaintiff alleges that by underpaying her, Defendants discriminated against her based on race, in violation of Title VII, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981. Plaintiff also alleges Defendants retaliated against her by terminating her contract after she reported their discrimination to the legislature. Finally, Plaintiff alleges claims for breach of contract, unjust enrichment, and emotional distress under Nebraska law. (Filing No. 1).

Plaintiff has been proceeding pro se from the outset of this case and has now served/attempted to serve a number of subpoenas on non-parties. On January 19, 2022, Plaintiff served a Subpoena to Testify at a Deposition in a Civil Action on Razey, an employee of the NDHHS. (Filing No. 146-1). On February 11, 2022, Plaintiff filed an identical subpoena as a "Notice of Deposition" on the docket in this case. (Filing No. 152). The subpoenas directed Razey to appear on February 17, 2022, at a Scooters coffee shop to testify at a deposition. The subpoenas also directed Razey to produce "billing documents for services payable, authorizations with units billable, documentation for all services rendered, whole dollar amount for every month billed for every year that was included in contract, all emails for 24 hour services (2009-2019), [and] all service code and what was billed for each code." The NDHHS and Razey have both moved to quash these subpoenas because they are procedurally deficient, present an undue burden, are vague and overbroad, and seek confidential records and information protected from disclosure under state and federal law. (Filing No. 147; Filing No. 163).

On February 22, 2022, Plaintiff utilized a sheriff's deputy to serve a subpoena upon KVC and its President, Ashley Brown ("Brown"). (Filing No. 172). KVC is a private, nonprofit organization offering foster-care and other home-based support. KVC has never received services from or had any kind of relationship with Plaintiff. (Filing No. 176-1). The subpoena requests that "KVC Nebraska/Ashley Brown" attend a deposition on March 14, 2022, at a local public library. (Filing No. 176-2). The subpoena does not identify the topics for examination. The subpoena also requests that deponent bring the following documents to the deposition: "Contracts, authorization sheets, services billed billing documents accounts receivable, 1099 forms from the state also, checks before separated to show whole dollar and the percentage to dollar amount each person received." KVC has moved to quash the subpoena because it is procedurally deficient, seeks irrelevant information, and contains vague, overbroad, and unduly burdensome requests. (Filing No. 176).

2

On February 24, 2022, Plaintiff filed a subpoena on the docket in this case as a "Notice of Deposition" as to Franklin. (Filing No. 164 at p. 1). The subpoena directed Franklin to appear on March 14, 2022, at a local public library to testify at a deposition, and directed him to bring a "Contract" with him. Plaintiff also filed a sheriff's return purporting to show Michael was served by a sheriff's deputy on February 17, 2022, with a subpoena. (Filing No. 171). The defendants have jointly moved to quash this subpoena because the deadline to complete depositions in this case was February 25, 2022, (Filing No. 94), and Plaintiff did not identify the method of recording the deposition in the subpoena. (Filing No. 186).

Plaintiff also filed a subpoena on the docket in this case as a "Notice of Deposition" as to Mitchell, directing her to appear at for a deposition at the same time and place as the deposition of Franklin. (Filing No. 164 at p. 2). The subpoena directed her to bring "authorization sheets, billing documents that you sign Angela for services payable, documents stating where Angela work and what she does, her job title, documents for payable services, 1099 documents for all services render[ed], whole dollar amounts for every month to years billed, contract for state and agency for clients under contracts 24 hour services." (Filing No. 164 at p. 2). On March 2, 2022, Plaintiff filed a sheriff's return showing the subpoena was unable to be served on Mitchell at the address provided. (Filing No. 173).

On March 10, 2022, Plaintiff filed a sheriff's return showing Mitchell was served with a subpoena on February 28, 2022. (Filing No. 182). This subpoena directed Mitchell to appear at a deposition at a local public library on March 24, 2022, and states the deposition would be "video and audio" recorded. The subpoena demands production of "Billing documents for services payable, authorization sheets with units billable, documentation for all services rendered, whole dollar amount for every month billed for every year that was included in contract, all emails for 24 hour services for Mikael W. [and] Joseph W." (Filing No. 184-1). Mitchell has moved to quash the subpoena because she was previously dismissed as a defendant in this case and because the subpoena subjects her to an undue burden and contains overbroad and vague requests, and seeks confidential NDHHS records and information protected from disclosure under state and federal law. (Filing No. 185).

In response, Plaintiff asks the Court to "strike" the motions to quash "as this will not [g]rant her a[n] accurate/fair Discovery process against the defendants" and would deprive her of her "rights to a fair hearing/trial and will not be allowed to gather all the necessary evidence." Plaintiff

3

asserts the NDHHS and Razey were "part[ies] in this matter," as the NDHHS was the "agent in which issued the funds" to the defendants, and Razey was the "agent in which does the billing the funds[.]" (Filing No. 165; Filing No. 179). Plaintiff similarly asserts Mitchell, KVC/Brown, and Franklin were "part[ies] in this matter and w[ere] the agent[s] in which issued the funds" to the defendants. (Filing No. 180; Filing No. 188; Filing No. 189). Plaintiff also argues the defendants are violating her rights by acting as Franklin's legal counsel. (Filing No. 189).

## ANALYSIS

"[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983); see also NEGenR 1.3(g) ("[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules."); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). "A pro se litigant should receive meaningful notice of what is required of [her] but the court is not required or permitted to act as counsel for any party." *Schooley*, 712 F.2d at 373. Therefore, although Plaintiff is proceeding pro se, she is not excused from complying with the procedural and substantive rules equally applicable to all litigants.

Rule 45 of the Federal Rules of Civil Procedure and Rule 45.1 of this district's local civil rules provide the procedures to properly serve a subpoena on a non-party. First, Plaintiff was required to serve notice to the defendants of her intention to serve the non-party subpoenas, since she was requesting production of documents. See NECivR 45.1(a) ("No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice[.]"); Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). That notice must state "the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue." NECivR 45.1(a). After receiving that notice, the other parties then have 7-days to serve written objections to the proposed subpoena. NECivR 45.1(b). If the other parties serve objections, then the proposed subpoena may not be issued until all objections are resolved by the court on an appropriate motion. NECivR 45.1(b). Only after this process may the requesting party then actually serve the subpoena on the non-party

4

in accordance with Fed. R. Civ. P. 45. Here, Plaintiff did not provide the defendants with notice of her intent to serve the subpoenas on non-parties, depriving the defendants of their opportunity to serve written objections to the proposed subpoenas before involving non-parties. As such, Plaintiff's non-party subpoenas were impermissibly served at the outset.

Plaintiff's subpoenas should also be quashed for a variety of other reasons. First, most of the subpoenas do not state the method for recording the testimony. See Fed. R. Civ. P. 45(a)(1)(B). ("A subpoena commanding attendance at a deposition must state the method for recording the testimony."). Next, although there is some indication Plaintiff included witness fees and mileage with the subpoenas to KVC, Mitchell, and Franklin, (Filing Nos. 172, 172, 182), Razey was not provided with a witness fee and mileage. Nor was Plaintiff's February 11, 2022, electronic filing of the "Notice of Subpoena" a proper means of serving the subpoena upon Razey, a non-party to the case. See Fed. R. Civ. P. 45(b) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law); see also Filing No. 152; Filing No. 163 at p. 2. Plaintiff's subpoena to KVC, a private organization, does not identify the topics on which she sought to depose the entity. See Fed. R. Civ. P. 30(b)(6) (A deposition subpoena to a private corporation or other entity "must describe with reasonable particularity the matters for examination."). Also, Plaintiff attempted to schedule depositions for KVC, Franklin, and Mitchell on March 14, 2022, which is after the February 25, 2022, deposition deadline imposed by the Court's scheduling order. Filing No. 94. Plaintiff did not request or receive the Court's approval of an extension of the deposition deadline and she has not shown good cause to extend that deadline. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Finally, review of the subpoenas themselves shows Plaintiff's document requests are vague, overbroad, and seek irrelevant and/or confidential documents protected from disclosure under state and federal law. "A party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . ." Fed. R. Civ. P. 45(d)(1). In evaluating whether a subpoena presents an undue burden, courts consider the following factors: (1) the relevance of the information requested; (2) the need of the party for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the

particularity with which the party describes the requested information; and (6) the burden imposed. *ACI Worldwide Corp. v. Mastercard Techs., LLC*, No. 8:14CV31, 2016 WL 3647850, at *2 (D. Neb. July 1, 2016) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (internal citations omitted). Discovery is not a fishing expedition, and "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992) (citations omitted). In addition to enforcing compliance with Rule 45(d)(1), a court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (citing *Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985)).

Plaintiff's document requests in her subpoenas contain no time period limitation and only vaguely describe documents such as "contracts" or "documentation for all services rendered." Also, the relevance of these vaguely requested documents is not apparent. For example, KVC has never done business with Plaintiff, and Plaintiff did not attempt to explain why she is seeking documents from KVC; as such, the Court cannot discern what relevant information KVC may have regarding Plaintiff's claims against the defendants in this case. Requiring the non-parties to attempt to comply with such vague and broad requests for irrelevant documents would impose an undue burden upon them. See Fed. R. Civ. P. 45(d)(3)(A)(iv) (requiring a court to quash or modify a subpoena that subjects a person to undue burden). Finally, the NDHHS is subject to many confidentiality requirements, and many, if not all, the records sought by Plaintiff from the NDHHS are confidential and protected by state and federal law. See, e.g., *Lewton v. Divingnzzo*, No. 8:09CV2, 2010 WL 4530369, at *2 (D. Neb. Nov. 2, 2010) (recognizing the NDHHS has an "obligation to raise objections based on statutory privileges or requirements when it is served with subpoenas for confidential client records."); see also Neb. Rev. Stat. §§ 68-313, 68-1209; 7 U.S.C. § 2020(e)(8); 42 U.S.C. § 671(a)(8).

6

For the foregoing reasons, the Court will grant the motions to quash the subpoenas issued by Plaintiff to the non-parties in this case. Accordingly,

**IT IS ORDERED**:

1. The following motions are granted:
    a. Motion to Quash Subpoena (Filing No. 145) filed by the Nebraska Department of Health and Human Services;
    b. Motion to Quash Subpoena (Filing No. 162) filed by Lelia Razey;
    c. Motion to Quash Third-Party Subpoena or for a Protective Order (Filing No. 175) filed by KVC Nebraska;
    d. Motion to Quash Subpoena (Filing No. 183) filed by Angie Richardson Mitchell; and
    e. Joint Motion to Quash Subpoena (Filing No. 186) served on Michael Franklin filed by the defendants.
2. The following motions are denied:
    a. Motion to Strike and to Compel as to the NDHHS (Filing No. 165);
    b. Motion to Strike and to Compel as to Lelia Razey (Filing No. 179);
    c. Motion to Strike and Compel (Filing No. 180) as to KVC;
    d. Motion to Strike and Compel (Filing No. 188) as to Angela Richardson Mitchell; and
    e. Motion to Strike and Compel (Filing No. 189) as to Michael Franklin.
3. Plaintiff's Motion for Hearing (Filing No. 181) is denied as moot.

Dated this 12th day of April, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge