# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **IRIS KITCHEN,**<br><br>                    **Plaintiff,**<br><br>   vs.<br><br>**DEVELOPMENTAL SERVICES OF NEBRASKA, INC., AUTISM CENTER OF NEBRASKA, INC., and OMNI BEHAVIORAL HEALTH,**<br><br>                    **Defendants.** | **8:20CV08**<br><br>**ORDER** |

This case is before the Court on the Motions to Compel (Filing No. 149; Filing No. 150; Filing No. 151) filed by Plaintiff, pro se, against each Defendant. Plaintiff's motions are identical and generally assert the defendants "provided incomplete, deficient, nonresponsive, and evasive answers" and interposed improper and meritless objections to her requests for production of documents, which she filed on July 27, 2021, at Filing No. 100.[1] Each Defendant filed a response opposing Plaintiff's motions. (Filing No. 159; Filing No.168; Filing No. 169).

Previously, on September 8, 2021, Plaintiff filed the same motion to compel responses to her RFPs contained in Filing No. 100. (Filing No. 105). On September 22, 2021, the Court denied her motion because:

> Plaintiff does not identify which responses were insufficient and how each challenged response was insufficient. There is no indication Plaintiff and defense counsel met and conferred regarding her objections in an attempt to reach an accord. See NECivR 7.1(j). Plaintiff also did not comply with the court's order that requires a party to contact the chambers of the undersigned magistrate judge to schedule a conference to discuss a dispute before the court grants leave to file a motion to compel. See Filing No. 94 and the Nebraska magistrate judges' Civil Case Management practices.[]

(Filing No. 112). Since that date, the undersigned magistrate judge has held telephone conferences with Plaintiff and defense counsel to discuss and clarify what documents Plaintiff was seeking and what Defendants have produced. See Filing Nos. 134, 142. During the January 11, 2022, telephone conference, Plaintiff stated she is seeking billing statements; authorization forms; 1099's; and documents showing "whole numbers—money in and out." The Court ordered the

---

[1] Plaintiff only attached defendant OMNI Behavioral Health's January 25, 2022, responses to each motion.

defendants to produce, by January 25, 2022, all responsive documents as clarified and agreed upon by the parties during the call. (Filing Nos. 134-135).

After review of the record, the Court will deny Plaintiff's motions to compel. Each Defendant filed responses to her motions stating they have either provided Plaintiff with documents responsive to her requests, or responded that such documents do not exist after conducting a reasonable inquiry. Defendant, Autism Center of Nebraska ("ACN"), provided the Court with its responses to Plaintiff and identified the documents it has produced to Plaintiff:

- ACN produced three documents totaling 17 pages with breakdown of services billed and paid for J.W.; after reasonable inquiry, ACN could not locate copies of authorization "sheets" from NDHHS
- ACN produced additional documentation reflecting a breakdown of services billed and paid for M.W. consisting of three (3) pages
- ACN produced a breakdown of payments of services billed and paid for by ACN and reflecting payments from ACN to Plaintiff
- ACN explained that Extended Family Care Providers do not receive 1099 forms
- ACN produced a spreadsheet reflecting payments from NDHHS to Defendant and from ACN to Plaintiff
- ACN is not in possession of any documents responsive to Plaintiff's request for "Angela's Guardianship documents."

([Filing No. 168-1](#)).

Defendant, OMNI Behavioral Health ("OMNI") likewise explains its responses to and identified the documents it has Produced to Plaintiff:

- OMNI states that it is not in possession of any of NDHHS' "authorization sheets" for M.W. and J.W, and upon reasonable inquiry, only found the "Authorization Notice Update" previously produced by Plaintiff, which OMNI re-produced to Plaintiff
- OMNI produced copies of accounts receivable for both M.W. and J.W. from NDHHS while Plaintiff contracted with OMNI
- OMNI did not issue 1099s to Plaintiff and provided the statutes providing authority upon which is relies
- OMNI produced all payments made to Plaintiff by OMNI for M.W. and J.W.
- Any documentation showing that "the defendant had proper reasoning for taking both boys out of the home" or regarding Angela's Guardianship were produced by other parties as J.W. and M.W. were not removed from Plaintiff's care while she was under contract with OMNI
- OMNI produced the independent contractor agreements with Plaintiff for M.W. and J.W.

- OMNI produced all documents in its possession relevant to payments made for services for J.W. and M.W. while Plaintiff contracted with OMNI

(Filing No. 159-1; Filing No. 159-2).

Defendant, Developmental Services of Nebraska ("DSN"), also explained its responses and production to Plaintiff's requests:

- In response to Plaintiff's request for "copies of any and all logs, incident reports, investigative memoranda, photographs, documents and charts or graphs relating to matters which are the subject of the complaint", DSN produced eleven documents totaling 91 pages. DSN, upon reasonable inquiry, only located emails from DD Service Coordination Supervisor, Ron Semerena regarding incorrect authorization rates. Further email exchanges regarding authorizations were produced by Defendant DSN.
- DSN produced a spreadsheet of payments from NDHHS to DSN and payments from Defendant DSN to Plaintiff
- DSN explained Extended Family Care Providers do not receive 1099 forms
- DSN produced all email exchanges between DSN employees and Lynnae Johannes, DD Service Coordinator Supervisor, regarding lack of signed contract with Plaintiff for care of M.W. and J.W.
- DSN is not in possession of "Angela's Guardianship documents"

(Filing No. 169-1).

A court may compel discovery if "party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Since Plaintiff again does not identify which discovery responses were insufficient or attempt to explain how any response was insufficient, the Court has no basis upon which it can conclude the defendants have failed to produce documents as requested. Additionally, there is again no indication Plaintiff and defense counsel met and conferred in good faith regarding her issues with their discovery responses prior to filing her motions. See Fed. R. Civ. P. 37(a)(1)(providing that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); NECivR 7.1(j) ([T]his court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord."). "[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983); see also NEGenR 1.3(g) ("[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules."); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th

3

Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ([Plaintiff's] status as a pro se litigant did not excuse her from following the local rules."). Because Plaintiff's motions do not demonstrate the defendants have failed to produce documents in their possession responsive to her requests, the Court will deny her motions to compel.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motions to Compel (Filing No. 149; Filing No. 150; Filing No. 151) are denied.
2. The deadline to file motions for summary judgment or other dispositive motions is April 28, 2022.

Dated this 14th day of April, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge